IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JONATHAN NORMAN, and | ) | CASE NO. 06-382 |
| MELISSA DARLENE NORMAN | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |

## MEMORANDUM OPINION

Jonathan Norman and Melissa Darlene Norman (the "Debtors") filed a motion to extend the automatic stay beyond the 30th day following the filing of this case pursuant to 11 U.S.C. § 362(c)(3)(B). The Debtors filed their Chapter 7 bankruptcy petition on May 12, 2006, and filed their motion to extend the automatic stay on June 9, 2006. For the reasons stated herein, the court will deny the motion as being untimely filed.

Section 362(c)(3)(A) states that "if a . . . case is filed by . . . debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). To avoid whatever negative results that may occur should the automatic stay be modified on the 30th day after the filing of the petition, a debtor may file a motion to extend the automatic stay beyond that 30-day period pursuant to § 362(c)(3)(B). This latter section provides:

> [O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and**

1

> **a hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . .

§ 362(c)(3)(B) (emphasis added).

In this case, the Debtors filed their bankruptcy petition on May 12, 2006, and filed their motion to extend the stay on Friday, June 9, 2006 – 28 days after the petition date. Section 102(1) of the Bankruptcy Code provides that the phrase, " 'after notice and a hearing' . . . means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." § 102(1). Filing a motion to extend the automatic stay on the 28th day after the filing of the petition is not appropriate notice under the particular circumstances of this case because parties in interest will not have an opportunity to address the motion and respond to it. Likewise, the court will be unable to set and complete the hearing before the expiration of the 30-day period. *E.g.*, *In re Moon*, 339 B.R. 668, 670 (Bankr. N.D. Ohio 2006) (ruling that the motion to extend the automatic stay under § 362(c)(3)(B) was denied when the hearing date was not within the 30-day period after the filing of the petition); *In re Thomas*, No. 06-40107, 2006 Bankr. LEXIS 147 at *1-2 (Bankr. E.D. Mich. Feb. 2, 2006) (denying a motion to extend the automatic stay under § 362(c)(3)(B) when it was filed 21 days after the petition and when insufficient time existed for the court to complete the hearing). Moreover, the Debtors have filed a motion to extend the time to file their statements and schedules; thus the court is unsure of what parties will need to receive notice of the Debtors' request to extend the automatic stay. At least one creditor, PPH Mortgage Corporation, has already filed a motion for relief from the automatic stay and is entitled to adequate notice of the hearing. *See In re Wilson*, 336 B.R. 338, 347 (Bankr. E.D. Tenn. 2005) (denying a motion to extend the automatic stay under § 362(c)(3)(B) when it failed to give parties in interest at least 20 days notice as required by local rule); *In re Taylor*, 334 B.R. 660, 662-63 (Bankr. D. Minn. 2005) (mailing motions 5 and 8 days in advance of the hearing dates, and calculating 3-4 days for mail delivery, was insufficient to give potential creditor-opponents a meaningful opportunity to respond to the motion). In sum, filing a motion to extend the automatic stay on the 28th day after the petition date provides an insufficient amount of time for notice and a hearing that is to be completed by the 30th day after the petition date; therefore, the Debtors' motion will be denied.

The Debtors assert, however, that their motion to extend the automatic stay was filed before the expiration of the 30-day period, and that the court is not required to complete a hearing on the motion before the 30-day period expires. *See In re Toro-Arcila*, 334 B.R. 224, 228 (Bankr. S.D. Tex. 2005) (holding that a hearing on a § 362(c)(3)(B) motion need not be held before the expiration of the 30-day period when the debtor filed the motion to extend the stay within the 30-day period). The court disagrees.

As recognized by *Toro-Arcila*, § 362(c)(3) and (4) sets forth a two-tiered system for dealing with debtors that have had: (1) one case pending within the preceding one-year period that was dismissed as set forth in § 362(c)(3)(A), and (2) two cases pending within the preceding one-year period that were dismissed as set forth in § 362(c)(4)(A)(i). When § 362(c)(3) applies to a case, then the automatic stay terminates after 30 days unless it is extended by the court before the completion of the 30-day period. § 362(c)(3)(B). When § 362(c)(4) applies to a case, no automatic stay is in effect until one is imposed by the court – the hearing on which is not constricted to a rigid time-period so long as the debtor files the motion before the expiration of the 30-day period. § 362(c)(4)(B). *Toro-Arcila* uses the hearing requirements for multiple repeat filers under § 362(c)(4)(B) to displace the specific hearing requirements for debtors with a single, prior dismissed case under § 362(c)(3)(B) on the grounds that, to hold otherwise, would render the majority of § 362(c)(4)(D) to be meaningless surplusage. 334 B.R. at 227 ("If the 'later case' referred to in § 362(c)(4)(B) must be a later case of a type described in § 362(c)(4)(A), then there will be no instances in which the language in §§ 362(c)(4)(D)(i)(II), (D)(i)(III), or (D)(ii) would ever be considered.").

At least one court has determined that *Toro-Arcila* reasoning is inaccurate. *In re Whitaker*, 341 B.R. 336 (Bankr. S.D. Ga. 2006) (stating that the factors of § 362(c)(4)(D)(i) are disjunctive, and "place consecutive burdens on the multiple repeat filer to establish good faith"; thus, the remainder of the statute is not surplusage). Congress specifically chose to treat debtors with one prior case dismissal in the preceding one-year period differently than debtors that had two prior case dismissals in the same period. Moreover, the approach taken by *Toro-Arcila* effectively writes the requirement in § 362(c)(3)(B) – that court complete the hearing on the motion to extend the automatic stay within 30-days from the petition date – out of the statute. *See, e.g.*, *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) (stating that where the statute is clear, the court should look to the legislative history only

3

if Congress expressed a legislative intention contrary to the plain language of the statute); *Missouri v. Ross,* 299 U.S. 72, 76 (1936) (stating that the more specific provisions of one statute should take precedence over other provisions). The court can find no indication in the legislative history of § 362(c)(3)(B), that its notice and hearing requirements were to be displace by those listed in § 362(c)(4)(B). *See Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256,* H.R. Rep. No. 109-31, Part I, 109th Cong. 1st Sess. (2005) (stating with regard to § 362(c)(3)(B) that: "Upon motion of a party in interest, the court may continue the automatic stay after notice and a hearing completed prior to the expiration of the 30- day period . . . ."). Accordingly, the court finds that a hearing on a motion to extend the automatic stay pursuant to § 362(c)(3)(B) must be held in compliance with the provision of that subsection and not those of § 362(c)(4)(B).

### III. CONCLUSION

The court will deny the Debtors' motion to extend that automatic stay pursuant to the provisions of 11 U.S.C. § 362(c)(3)(B). A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.